THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:
DANIEL ROSS BOYER, SR
A/K/A DANIEL R. BOYER A/KA DANIEL R.
BOYER, SR A/K/A DANIEL ROSS BOYER
KATHLEEN TERESA BOYER
A/K/A KATHLEEN T. BOYER

:   BK. No. 1:18-bk-04751-HWV

:   Chapter No. 13

Debtors

:   11 U.S.C. §362

FREEDOM MORTGAGE CORPORATION
Movant
v.
DANIEL ROSS BOYER, SR
A/K/A DANIEL R. BOYER A/KA DANIEL R.
BOYER, SR A/K/A DANIEL ROSS BOYER
KATHLEEN TERESA BOYER
A/K/A KATHLEEN T. BOYER
Respondents

### STIPULATION IN SETTLEMENT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY

It is hereby stipulated by and between Phelan Hallinan Diamond & Jones, LLP, counsel for the Movant, FREEDOM MORTGAGE CORPORATION, and JAMES P. SHEPPARD, Esquire, counsel for the Debtors, as follows:

1. The Automatic Stay as provided by Section 362 of the Bankruptcy Code shall remain in full force and effect conditioned upon the terms and conditions set forth herein.

2. This Stipulation pertains to the property located at 96 PINE GROVE FURNACE ROAD, ASPERS, PA 17304-9656, mortgage account ending with "9920".

3. The parties agree that at the time of the filing of the Motion for Relief the total post-petition arrearage consists of three (3) monthly payments for the months of January 2019 through March 2019 at $1,012.77 each, less suspense in the amount of $487.23; resulting in the total post-petition arrearage amount of $2,551.08.

4. Counsel for Movant acknowledges receipt of payments to cure post-petition arrears through March 2019.

5. Beginning April 1, 2019, Debtors shall commence payment of the regular monthly mortgage payment in the amount of $1,012.77. All subsequent monthly payments and late charges shall be due in accordance with the terms of the Mortgage.

6. If Debtors provide sufficient proof (front and back copies of checks or money orders) of payments made, but not already credited, the account will be adjusted accordingly.

7. Should the Debtors fail to make any of the above captioned payments, or if any regular monthly mortgage payment commencing after the cure of the post-petition delinquency is more than fifteen (15) days late, Movant shall send Debtors and counsel a written Notice of Default of this Stipulation. If the default is not cured within ten (10) days of the date of the Notice, counsel shall file a Certification of Default with the Court and the Court shall

enter an Order granting relief from the Automatic Stay waiving FED. R. Bankr. P. 3002.1 and waiving Rule 4001 (a)(3) so that the Relief Order is immediately effective and enforceable.

8. In the event the Debtors convert to a Chapter 7 during the pendency of this bankruptcy case, the Debtors shall cure all arrears within ten (10) days from the date of conversion in order to bring the loan contractually current. Should the Debtors fail to bring the loan contractually current, Movant shall send Debtors and counsel a written Notice of Default of this Stipulation. If the default is not cured within ten (10) days of the date of the Notice, counsel shall file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay waiving FED. R. Bankr. P. 3002.1 and waiving Rule 4001 (a)(3) so that the Relief Order is immediately effective and enforceable.

9. Debtors' tendering of a check to FREEDOM MORTGAGE CORP., which is subsequently returned due to insufficient funds in the account upon which the check is drawn, shall not constitute payment as the term is used in this Stipulation.

10. The parties stipulate that Movant shall be permitted to communicate with the Debtors and Debtors' Counsel to the extent necessary to comply with applicable non-bankruptcy law.

11. The parties request that this Court sign and docket an Order Approving the Stipulation in Settlement of the Motion for Relief.

12. The parties agree that a facsimile signature shall be considered an original signature.

Date: April 17, 2019

Jerome Blank, Esq.
Andrew L. Spivack, Esq.
Thomas Song, Esq.
Mario J. Hanyon, Esq.
Attorneys for Movant

JAMES P. SHEPPARD, ESQUIRE
Attorney for Debtor

JAMES JONES, ESQUIRE
Attorney for Charles J. DeHart III, Chapter 13 Trustee